SUSAN SCHMIDT, Appellant, *v.* A. M. SCHWARTZ BUILDING & CONSTRUCTION CO., INC., and Others, Defendants.

FRANK MCCABE and Another, Respondents.

First Department, June 12, 1931.

*Benjamin D. Jackman* of counsel [*Herman Lubetkin*, attorney], for the appellant.

*John L. O'Connell* of counsel [*Wormser & Kemp*, attorneys], for the respondents.

McAvoy, J.   We think that these defendants, respondents, may not be made parties to defend the foreclosure action, and that their answer should be struck out.   If the defendant corporation is permitting a judgment to be taken without cause, the stockholders may, by such equitable or statutory remedy as may be granted, restrain the prosecution of the cause on a showing of conspiracy to defraud them on the part of plaintiff and the corporate defendant.

The order granting motion of respondents to be made parties defendant and to interpose a defense should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied.   The order striking out the answer of the defendant corporation, so far as appealed from, should be reversed.

Merrell and Sherman, JJ., concur; Finch, P. J., and Martin, J., dissent.

Finch, P. J. (dissenting).   The corporate defendant mortgaged to the plaintiff certain premises to secure an indebtedness.   The mortgage provided that in the event of any default the mortgagee might declare the whole amount due and payable and commence an action for the foreclosure of the mortgage.   The corporate defendant defaulted in the payment of interest, water rates, taxes and assessments.   The corporate defendant passed a resolution that an agreement be made with plaintiff that plaintiff take possession of the mortgaged premises and foreclose the same without opposition from the corporate defendant.   Thereafter an answer was interposed on behalf of the corporation by attorneys of Angus S. McCabe, an officer and director of the corporation, admitting the material allegations of the complaint, except that the default upon which the action is predicated was denied upon information and belief.

The plaintiff moved to strike out this answer upon the ground that the appearance of the corporation was unauthorized and that the said defendant consented to the entry of judgment against it. On the same day a motion was brought on for hearing by order

directing the plaintiff to show cause why an order should not be made directing the title of the action to be amended pursuant to section 193, subdivision 3, of the Civil Practice Act (as amd. by Laws of 1923, chap. 250), and upon all other sections and rules of the Civil Practice Act pertaining thereto, so as to include therein as defendants Frank McCabe and Angus S. McCabe, and further directing that a copy of the summons and complaint be served upon them.

Plaintiff's motion to strike out the answer was granted without prejudice to a defense to be interposed by the said Frank McCabe and Angus S. McCabe. The motion of Frank McCabe and Angus S. McCabe for leave to become parties also was granted. From both of these orders plaintiff appeals, in so far as respondents have been permitted to become parties to the action and to interpose a defense thereto.

It is the contention of the appellant that the respondents have no such interest in the subject of the action as to permit them to be made parties to the action under section 193 of the Civil Practice Act, which provides that " 3. Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, * * * and makes application to the court to be made a party, it must direct him to be brought in by proper amendment."

In the case at bar it appears that Frank McCabe is a holder of record of thirty-three per cent of the stock of the corporate defendant. Angus S. McCabe claims to be the beneficial owner of the stock. As a stockholder of record Frank McCabe has, of course, an interest in the corporation, but has no direct interest individually in its assets. In support of his claim to be entitled to defend this action, however, it is alleged that the plaintiff, the officers, directors and other stockholders have conspired to create the grounds for the foreclosure in order that the McCabes might be frozen out of the minority interest which they hold in the corporation. Under such circumstances, the minority interest should not be denied an opportunity of defending the action. The plaintiff has come into a court of equity for relief. The court will not close its ears to a plea of fraud. " It is a controlling maxim that a court of equity will not aid parties in the perpetration or consummation of a fraud, nor give any assistance whereby either of the parties connected with the betrayal of a trust can derive any advantage therefrom." (Judge MARTIN, in *Farmers' Loan & Trust Co.* v. *N. Y. & N. R. Co.*, 150 N. Y. 410, 431.)

In Rights of the Minority Stockholder by Harvey (2d ed., p. 125) it is said: " Individual stockholders may file a defense in a suit to

foreclose a mortgage * * * where the transaction discloses indications of the existence of fraud on the part of the directors and the interests of the stockholders are endangered by those acts."

It follows that the orders appealed from should be affirmed, with ten dollars costs and disbursements.

MARTIN, J., concurs.

Order of March 12, 1931, as resettled, reversed, with ten dollars costs and disbursements to appellant, and motion denied, and order of March 12, 1931, so far as appealed from, reversed.