LILLIAN REINER et al., Respondents, v. RICHARD KANE, Appellant.— In an action to compel a former employee of two corporations to perform specifically an agreement to sell his stock in said corporations, the appeal is from an order conditionally granting an injunction restraining appellant, during the pendency of this action, from taking any further proceedings in a stockholder's derivative action in which he is plaintiff and said corporations, together with respondents and others, are defendants. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. In our opinion, it was an improvident exercise of discretion for the court to have granted the injunction. By the agreement sought to be enforced in this action, appellant was required, if his employment by the corporations should be terminated, to offer his stock for sale to respondents at "book value plus good will". After the termination of his employment he commenced the stockholder's action, which has been stayed by the order appealed from, alleging that the assets of the corporations were being depleted by illegal transactions carried on by respondents. In opposition to the motion for an injunction *pendente lite,* appellant asserted, in effect, that unless he was permitted to prosecute the stockholder's action, the book value of his stock would not represent its true value, since it would not take into account the value of the corporations' claims against respondents for the illegal depletion of the corporate assets. In response to this assertion, respondents contended that appellant would have complete freedom to establish the true book value of the stock in the present action as fully as he would in the stockholder's action. The injunction was granted on condition that respondents should not attempt to reverse their stand by limiting the proof in this action, and on the ground that it would be well to try out all the issues at one trial. Although we do not doubt the power of the court at Special Term to restrain by injunction the trial of one action until the disposition of another in which the injunction is granted, if justice demands it (cf. *Wile* v. *Burns Bros.,* 239 App. Div. 59, 66; *Schmidt* v. *Schwartz Bldg. & Constr. Co.,* 232 App. Div. 549) we do not believe that justice demands, or that the interests of justice will be served by, the order appealed from. Even though respondents may not attempt to "reverse their stand" and limit appellant's proof on the trial of this action, it is by no means certain that evidence with respect to the illegal transactions alleged in the stockholder's action will be considered by the trial court in fixing the "book value" of appellant's stock, or that the value of the corporate claims against respondents, if it be assumed that they are valid, will be as capable of proper valuation as they may be if the stockholder's action is continued to a conclusion. In our opinion, appellant should not be prevented from obtaining a judgment, if he can, in behalf of the corporations, which will be reflected as an asset on the corporate books, thus enhancing the "book value" of the shares which he has contracted to sell. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.